## JOHN BOUVET vs. PEARCE WOODWARD.

### SUPREME COURT OF TEXAS, AUSTIN TERM, 1884.

An allegation in the petition that for a valuable consideration defendant made, executed and delivered to plaintiff the notes sued on, and that they are payable on their face to him or order, is a sufficient allegation of ownership.

It will not be presumed, in the absence of allegation or admission, that the plaintiff had parted with the title to the notes.

Objection to the admission in evidence of a deed to land made by an attorney-in-fact, without proof being first made of the power in the attorney, is not well taken. where any subsequent act of the principal is shown which amounts to a ratification,

Appeal from Wise county.

O. S. Kennedy, for appellant.

Davis and Garnett, for appellee.

The plaintiff's petition alleged that the defendant "for a valuable consideration, made, executed and delivered" to him, the two promisory notes sued on ; that they are each made payable to him, "or order," and alleges defendant's liability to pay him the amounts specified in them by reason of defendant's promises recited in said notes ; and alleges defendant's default to make payment, with a prayer for judgment on the notes, and for the foreclosure of the vendor's lien on the land described in the petition.

This petition conforms sufficiently to the rule of pleading in suits on promissory notes laid down in Jennings vs. Moss, 4 Tex. 452, "that to show a right of action, the plaintiff must allege title in himself, and some act of the defendant, creating a legal liability on his part," and "that the defendant's liability must be shown by averments."

It is urged by the appellant, that the failure to allege that the plaintiff was the legal holder and owner of the notes sued on, is fatal to the sufficiency of the petition, and the brief of counsel cites several cases decided by our Supreme Court to support the proposition. The cases referred to do not maintain the proposition contended for, as applied to the facts alleged in this petition. We apprehend that no case will be found in our reports which militates against the view we have taken. The cases that are cited will be found, when duly considered, to apply to questions raised on pleadings which do not show a state of facts so full as those alleged by the plaintiff in this case do, of the plaintiff's *prima facie* ownership of the notes sued on.

The allegations made by the plaintiff show that for a valuable consideration defendant made, executed and delivered to him said notes,

and made them payable on their face to himself or their order. These facts constituted him the owner of the notes, and vested in him the title thereto, and although they are according to their terms made negotiable by endorsement, or assignment, it will not be intended, or presumed, in the absence of allegation, or an admission, to that effect, that he had transferred, negofiated, or otherwise parted with his title to them, against the right of ownership which his allegations show to have been created in him by reason of the facts alleged.

The second assignment of error is not well taken. The objection made was to the admissibility in evidence of a deed of conveyance to land to John Bouvet, signed Pearce Woodward, by Granger Sal·mon, attorney-in-fact, without proof first being made of any written power under which said attorney-in-fact acted, in making said deed.

Undoubtedly, to render the deed available as a conveyance of title, the authrity of Salmon was required to be proved, (Brashear vs. Martin, 25 Texas, 202) but that consideration, which would go to the sufficiency of the evidence to establish title, is a different one from that of admissibility in evidence of the deed. The deed, though it did not, standing alone, amount to proof of the fact of a valid conveyance of the title to the land, was still a necessary ingredient in that proof, and constituted an indispensable link in the chain of evidence essential to establish the conveyance. (Neil v. Keese, 5 Texas, 33.)

Ratification by the principal, Pearce Woodward, of the act of Sal·mon, would have the effect to validate the deed as a conveyance of title, though the latter may have acted without authority; and if the principal makes the contract his own by availing himself of the benefits of it, he is liable in like manner as if he had personally made the contract. (Henderson vs. R. R. Co., 17 Texas, 560.)

The plaintiff in this case ratified the act of Salmon in making the deed, by the adoption thereof on the record, in suing to foreclose the vendor's lien and then tendering the deed in evidence to establish the sale and conveyance made by said Salmon, and he is estopped thereby from denying the authority of Salmon in executing and delivering the deed.

The remaining questions raised being unimportant, and there being no error in the judgment, it is affirmed.

Opinion by Walker, P. J.